The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Harrell Minor, Jr.

### DEFENDANTS
USAgencies, Inc.
Affirmative Insurance Company
Dionne Patterson

(b) County of Residence of First Listed Plaintiff   Tuscaloosa
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Allwin E. Horn, IV          Allwin E. Horn, III
1130 South 22nd Street      1130 South 22nd Street
Suite 4500                  Suite 4500
Birmingham, AL 35205        Birmingham, AL 35205

Attorneys (If Known)

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| X 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- X 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Automobile Uninsured Motorist Claim
Bad Faith Denial of UM Coverage

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $75,000 +
CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes  ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 11/10/09     SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| HARRELL MINOR, JR., ) | **Summons** |
| ) | (Issued pursuant to Rule 4 of |
| ) | the Federal Rules of Civil |
| Plaintiff, ) | Procedure or other appropriate |
| ) | law.) |
| v. ) | |
| ) | CIVIL ACTION CASE NUMBER: |
| USAGENCIES, INC., ) | |
| AFFIRMATIVE INSURANCE COMPANY, ) | |
| DIONNE PATTERSON, ) | |
| ) | |
| Defendants. ) | |

TO DEFENDANT   Affirmative Insurance Company.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

You are hereby summoned and required to serve upon plaintiff's attorney(s):

Allwin E. Horn, IV
Allwin E. Horn, III
1130 South 22nd Street, Suite 4500
Birmingham, AL 35205

a response to the complaint which is herewith served upon you, within _____ days after service of the summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.** A signed copy of your response MUST also be filed with the court.

DATE:_____          SHARON HARRIS, CLERK

                                 By:

<u>SEE REVERSE SIDE FOR RETURN</u>          Deputy Clerk

                                 (SEAL OF COURT)

NOTE: A separate summons must be
      prepared for each defendant.

                                 CLERK, U. S. DISTRICT COURT
                                 NORTHERN DISTRICT OF ALABAMA
                                 1729 5th Avenue North
                                 Birmingham, Alabama 35203

**CASE NO.** _____

### RETURN ON SERVICE OF WRIT

I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐     By personal service on the defendant at _____

_____

☐     By serving a person of suitable age and discretion then residing in the defendant's usual place of abode. (Give name and address of person served.)

_____

_____

☐     By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the defendant corporation, partnership, or unincorporated association. (Give name, capacity and address of person served.)

_____

_____

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

_____    _____
      ***Date***            ***Authorized or Specially Appointed Process Server***

Costs of Service:    Service fee:                                    $
                        Expenses: _____ miles @ _____cents    $_____
                                                        TOTAL     $

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| HARRELL MINOR, JR., ) | **Summons** |
| ) | (Issued pursuant to Rule 4 of |
| ) | the Federal Rules of Civil |
| Plaintiff, ) | Procedure or other appropriate |
| ) | law.) |
| v. ) | |
| ) | CIVIL ACTION CASE NUMBER: |
| USAGENCIES, INC., ) | |
| AFFIRMATIVE INSURANCE COMPANY, ) | |
| DIONNE PATTERSON, ) | |
| ) | |
| Defendants. ) | |

TO DEFENDANT    USAgencies, Inc.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

You are hereby summoned and required to serve upon plaintiff's attorney(s):

Allwin E. Horn, IV
Allwin E. Horn, III
1130 South 22nd Street, Suite 4500
Birmingham, AL 35205

a response to the complaint which is herewith served upon you, within _____ days after service of the summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.** A signed copy of your response MUST also be filed with the court.

DATE:_____                SHARON HARRIS, CLERK

                                      By:

SEE REVERSE SIDE FOR RETURN           Deputy Clerk

                                      (SEAL OF COURT)

NOTE: A separate summons must be
       prepared for each defendant.

                                      CLERK, U. S. DISTRICT COURT
                                      NORTHERN DISTRICT OF ALABAMA
                                      1729 5th Avenue North
                                      Birmingham, Alabama 35203

**CASE NO.** _____

### RETURN ON SERVICE OF WRIT

I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐     By personal service on the defendant at _____

_____

☐     By serving a person of suitable age and discretion then residing in the defendant's usual place of abode. (Give name and address of person served.)

_____

_____

☐     By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the defendant corporation, partnership, or unincorporated association. (Give name, capacity and address of person served.)

_____

_____

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

_____       _____
       *Date*                              *Authorized or Specially Appointed Process Server*

Costs of Service:    Service fee:                                     $
                       Expenses: _____ miles @ _____ cents    $_____
                                                     TOTAL    $

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| HARRELL MINOR, JR., )<br><br>Plaintiff, )<br><br>v. )<br><br>USAGENCIES, INC., )<br>AFFIRMATIVE INSURANCE COMPANY, )<br>DIONNE PATTERSON, )<br><br>Defendants. ) | **Summons**<br>(Issued pursuant to Rule 4 of the Federal Rules of Civil Procedure or other appropriate law.)<br><br>CIVIL ACTION CASE NUMBER: |

TO DEFENDANT    Dionne Patterson
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

You are hereby summoned and required to serve upon plaintiff's attorney(s):

Allwin E. Horn, IV
Allwin E. Horn, III
1130 South 22nd Street, Suite 4500
Birmingham, AL 35205

a response to the complaint which is herewith served upon you, within _____ days after service of the summons upon you, exclusive of the day of service. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.** A signed copy of your response MUST also be filed with the court.

DATE:_____          SHARON HARRIS, CLERK

                                By:

SEE REVERSE SIDE FOR RETURN     Deputy Clerk

                                (SEAL OF COURT)

NOTE: A separate summons must be
      prepared for each defendant.

                                CLERK, U. S. DISTRICT COURT
                                NORTHERN DISTRICT OF ALABAMA
                                1729 5th Avenue North
                                Birmingham, Alabama 35203

**CASE NO.** _____

## **RETURN ON SERVICE OF WRIT**

I hereby certify and return that on the _____ day of _____, _____, I served this summons together with the complaint as follows:

☐     By personal service on the defendant at _____

_____

☐     By serving a person of suitable age and discretion then residing in the defendant's usual place of abode. (Give name and address of person served.)

_____

_____

☐     By serving an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process of the defendant corporation, partnership, or unincorporated association. (Give name, capacity and address of person served.)

_____

_____

*I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

_____     _____
         *Date*                                 *Authorized or Specially Appointed Process Server*

Costs of Service:    Service fee:                                   $
                       Expenses: _____ miles @ _____ cents     $_____
                                                          TOTAL     $

IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

HARRELL MINOR, JR.,                )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )   Civil Action Number: _____
                                   )
USAGENCIES, INC.;                  )
AFFIRMATIVE INSURANCE COMPANY,     )
DIONNE PATTERSON;                  )
                                   )
    Defendants.                    )

## COMPLAINT

### JURISDICTION

1. The Plaintiff, Harrell Minor, Jr., is a citizen of the State of Alabama and is over the age of nineteen (19) years.

2. The Defendant, USAgencies Insurance Company, is a foreign corporation whose principal place of business in Baton Rouge, Louisiana.

3. The Defendant, Affirmative Insurance Company, is a foreign corporation whose principal place of business in Addison, Texas.

4. The Defendant, Dionne Patterson, is an individual citizen of the State of Louisiana.

5. Plaintiff's claim for damages exceeds $75,000.

6. This Court maintains jurisdiction pursuant to 28 U.S.C. 1332(a).

## FACTS

1. On November 1, 2008, the plaintiff was operating his motorcycle in Tuscaloosa County, Alabama when he was struck by an uninsured motorist. As a result of the accident, the Plaintiff suffered severe injuries to his ankle, foot, leg and other parts of his body requiring him to be hospitalized and undergo several surgeries requiring fixation of instrumentation in said ankle.

2. On said date, the Plaintiff was insured under a policy of insurance providing uninsured/underinsured motorist coverage by the named Defendants, Affirmative Insurance Company and USAgencies Management Services, Inc, policy number 3154782.

3. Said policy of insurance was contracted for by the Plaintiff's wife, Vanessa P. Minor, the named insured on said policy. At the time of the accident made the basis of this lawsuit, the Plaintiff was an insured under said policy of insurance by contract and operation of state law.

4. All premiums had been paid and said contract of insurance was in full force and effect.

5. On September 22, 2009, the Plaintiff made a claim for uninsured/underinsured motorist benefits under said policy of insurance, policy number 3154782 with the Defendants.

6. On October 13, 2009, the Defendants denied coverage for uninsured/underinsured motorist benefits to the Plaintiff on the grounds the policy of insurance in question provided an exclusion within said policy which excludes coverage to the plaintiff based on the type of vehicle he was operating. The denial letter specifically states:

> "We do not provide uninsured motorist coverage for bodily injury sustained by any person:
>
> > (a) While occupying, or when struck by, any auto or other motor vehicle owned by an insured person which is not insured for uninsured motorist coverage under this policy.

>   (e) While occupying or operating a motor vehicle with less than four wheels."

Said denial letter further stated "therefore, since your client was operating a motorcycle that he owns, of which is not listed on his policy, due to the policy exclusion, we find that we must respectfully deny your client's claim." (See USAgencies letter dated October 13, 2009 attached as Exhibit A).

7.   On October 26, 2009, the Plaintiff forwarded a letter to USAgencies representative, Dionne Patterson, who authored the denial letter providing her a copy of the Alabama Supreme Court case *Peachtree Casualty Company Insurance, Inc. v. Sharpton*, 768 So. 2d. 368 (Ala. 2000). *Peachtree* states in pertinent part the exclusion upon which the Defendants denied Plaintiff's claim was void as against public policy as the same exclusion had been deemed void against public policy in the case of *Peachtree*. Plaintiff further pointed out in said letter to the Defendants that the law in the State of Alabama, as was evident by the *Peachtree* case, was that uninsured/underinsured motorist benefits inures to a person not a vehicle and what vehicle the insured was in or on at the time of the accident is irrelevant to a claim for uninsured/underinsured benefits in the State of Alabama. (See letter of October 26, 2009 attached as Exhibit B).

8.   On November 3, 2009, the Defendants, by and through their agent, Dionne Patterson, acknowledged receipt of Plaintiff's counsel's letter of October 26, 2009, providing the *Peachtree* case and citing appropriate state law in Alabama, in which the Defendants advised they were denying the claim and their position stands as they are "still holding to the denial of coverage in reference to this matter." (See USAgencies letter dated November 3, 2009 attached as Exhibit C).

9.   At all times material to this Complaint, the Defendant Dionne Patterson, was acting in the

line, scope and course of her employment with the Defendants USAgencies Management Services, Inc. and Affirmative Insurance Company.

## COUNT ONE

### Uninsured/Underinsured Motorist Benefits

10.  The Plaintiff adopts and realleges all preceding paragraphs and further avers:

11.  At all time material to this Complaint, the Plaintiff was insured by a policy of insurance afforded by Affirmative Insurance Company, doing business as USAgencies, Inc. Under the policy of insurance at issue, the Defendants have a duty to pay some or all of the insurance benefits available to the Plaintiff as a result of the injuries and damages he sustained in the accident made the basis of this lawsuit.

WHEREFORE, premises considered, the Plaintiff demands judgment of the Defendants in compensatory and punitive damages in excess of the Court's jurisdictional limit.

## COUNT TWO

### Breach of Contract

12.  The Plaintiff adopts and realleges all preceding paragraphs and further avers:

13.  At all relevant times a valid and binding contract of insurance herein identified upon which the Plaintiff was an insured existed between the Plaintiff and Defendants.

14.  The Defendants breached that contract by failing to timely pay uninsured/underinsured motorist benefits and by denying the same without any legal or lawful basis. The Defendant's conduct was systemic and reflected a pattern and practice of acting in violation of law.

15.  The Plaintiff had performed all conditions, covenants, and promises required to be performed by him under Alabama law or in his part in accordance with the terms and conditions of his contract.

The Defendant's breach of contract directly and proximately caused the Plaintiff to suffer injury and damages as followed:

> **The plaintiff was denied uninsured/underinsured motorist benefits for which he was entitled; the plaintiff incurred medical expenses and charges for which he is due reimbursement; the plaintiff lost the value of his premiums; the plaintiff suffered emotional distress and mental anguish; the plaintiff has been defrauded.**

WHEREFORE, premises considered, the Plaintiff demands judgment of the Defendants in compensatory and punitive damages, plus interest a costs of court.

## COUNT THREE

### Bad Faith

16. The Plaintiff adopts and realleges all preceding paragraphs and further avers:

17. The creation of an insurance contract between the Plaintiff and the named Defendants, placed a duty on said Defendants to exercise good faith and fair dealing in performance of its contractual obligation under the terms of the agreement, including the duty to act in good faith when investigating and paying uninsured/underinsured claims under the policy and the duty not to interfere with the Plaintiff's right to receive benefits under the policy in accordance with the laws of the State of Alabama. The Defendants breached a duty by refusing to promptly pay the uninsured/underinsured motorist benefits contracted for and agreed upon in the policy, thereby interfering with the Plaintiff's right to receive the benefits owed under said policy in accordance with the laws of the State of Alabama. At the time of the breach, the Defendants had actual knowledge that there was no reasonably legitimate or arguable or debatable reason, nor any reason open to dispute, which could refuse to provide the Plaintiff the benefits it had agreed to provide in its

contract with the Plaintiff.

18. By continuing to delay upon acting upon the Plaintiff's claim, Defendants intentionally failed to even attempt to determine whether a reasonable, arguable or debatable reason exist upon which it may deny the Plaintiff's claim as no investigation was conducted into the matter. The Defendants have interfered with the Plaintiff's right to receive benefits under the policy by refusing to provide benefits contracted for.

19. Defendants knew the Plaintiff had relied on the Defendants' representations expressly stated in the policy, that in the event of an accident with or involving an uninsured/underinsured motorist, the Defendants would timely pay benefits to the Plaintiff as set forth in the policy. The Plaintiff relied on these representations to its detriment. The Defendants made the misrepresentations knowingly, intentionally, willfully, wantonly and/or with reckless disregard for the truth. Furthermore, said representations were made within an attempt to induce the Plaintiff to act thereon. The Defendants breached their duty of good faith and fair dealing under the terms of the aforesaid contract negligently, intentionally, willfully, recklessly, and/or in bad faith, failing to determine whether there existed a lawful basis or arguable reason for Defendants to deny full and timely payment of the contracted for benefits provided by the policy. The subject matter of the above reference contract is of such a personal nature that the Defendants, at the time of contracting, could have, should have and did reasonably anticipate that a breach would result in emotional distress damages to the Plaintiff.

20. The Defendants aforesaid bad faith directly and proximately caused the Plaintiff to suffer loss and substantial monetary damages, and great mental anguish and emotional distress as a result thereof.

21. The Defendants breached there agreement by failing and refusing to pay the uninsured/underinsured motorist benefits owed to the Plaintiff as a result of this accident pursuant to its agreement with the Plaintiff and the policy at issue. The Defendants conduct was systemic and reflected a pattern and practice of acting in violation of the laws of the State of Alabama.

22. The Plaintiff suffered damages that were directly and proximately caused by the Defendants breach of the policy of insurance and the Defendants contract with the Plaintiff.

WHEREFORE, premises considered, the Plaintiff demands judgment of the Defendants in compensatory and punitive damages, plus interest a costs of court, to be determined by a struck jury.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Attorneys for Plaintiff

_____
Alwin E. Horn, IV (ASB-1798-R81-A)
1130 S. 22nd Street, Suite 4500
Birmingham, AL 35205
(205) 877-8700
Fax (205) 877-7330

_____
Alwin E. Horn, III (ASB-8251-O76-A)
1130 S. 22nd Street, Suite 4500
Birmingham, AL 35205
(205) 877-8700
Fax (205) 877-7330

**Trial Counsel:**
Allwin E. Horn, IV
Allwin E. Horn, III

**DEFENDANTS' ADDRESSES:**

| | |
|---|---|
| USAgencies<br>c/o The Corporation Company<br>2000 Interstate Park Drive<br>Suite 204<br>Montgomery, AL 36109 | (Please Serve by Certified Mail) |
| Affirmative Insurance Company<br>c/o The Corporation Company<br>2000 Interstate Park Drive<br>Montgomery, AL 36109 | (Please serve by Certified Mail) |
| Dionne Patterson<br>c/o The Corporation Company<br>2000 Interstate Park Drive<br>Montgomery, AL 36109 | (Please serve by Certified Mail) |

_____
Of Counsel


EXHIBIT A



**LOW COST AUTO INSURANCE**

P.O. Box 98505
Baton Rouge, LA 70884-8
Telephone: (205) 343-9000
www.usagencies.com

October 13, 2009

Allwin E. Horn, IV, P.C.
Attorney at Law
1130 South 22nd Street, Suite 4500
Birmingham, AL 35205

Claim No.:     369989
Policy No.:    1-3154782-1
Insured:       Vanessa Minor
Claimant:      Harrell Minor, Jr.
Date of Loss:  Nov 01, 2008

Dear Attorney Horn:

Please be advised that we are in receipt of the claim filed against the above referenced policy on behalf of your client Harrell Minor, Jr. It's our understanding that your client was operating a motorcycle that he owns. This motorcycle is not listed on the policy.

Please make reference to your client's Affirmative Insurance Company policy booklet for Insurance, Section C – Uninsured/Underinsured Motorist Coverage, Uninsured Motorists, under Exclusions states:

We do not provide Uninsured Motorist Coverage for bodily injury sustained by any person:

> (a). While occupying, or when struck by, any auto or other motor vehicle owned by an insured person which is not insured for uninsured motorists coverage under this Policy.
>
> (e). While occupying or using a motor vehicle with less than four wheels.

Therefore, since your client was operating a motorcycle that he owns, of which is not listed on his policy, due to the policy exclusion, we find that we must respectfully deny your client's claim.

Should you have any questions regarding our decision, please call me.

Sincerely,

Dionne M Patterson
USAgencies Management Services, Inc.
on behalf of Affirmative Insurance Company
(205) 343-9000 x-2595
Fax Number: (225) 987-5595
E-Mail: dpatterson@usagencies.com

**ALLWIN E. HORN, IV, P.C.**
ATTORNEY AT LAW
1130 SOUTH 22ND STREET
SUITE 4500
BIRMINGHAM, ALABAMA 35205

ALLWIN E. HORN, IV
(205) 877-8700
FAX (205) 877-7330
AHORN@ALLWINHORN.COM

OF COUNSEL
ALLWIN E. HORN, III

October 26, 2009

Via Facsimile (225) 987-5595
& Certified Mail
Dionne Patterson
USAgencies
PO Box 98505
Baton Rouge, LA 70884

RE: Our Client/Your Insured: Harrell Minor, Jr./Vanessa P. Minor
Claim# 369989
Policy #: 3154782-1
DOA: 11/1/2008

Dear Ms. Patterson:

I am providing you a copy of the case of *Peachtree Casualty Company Insurance, Inc. v Sharpton*, 768 So. 2d. 368 (Ala. 2000) for your review. The exclusion upon which you relied upon to deny Mr. Minor's claim for uninsured motorist benefits is void in the State of Alabama. I am providing you a case directly on point in which this question has been answered by the Alabama Supreme Court. In the State of Alabama uninsured/underinsured motorist coverage inures to the person and is not dependent on which vehicle an otherwise insured person is occupying or riding at the time of the accident. If I do not have a letter from you or some form of admonishment within 30 days stating you will change your position with regards to the basis of your denial I will sue you for Bad Faith. I am enclosing medical records and charges obtained to date. I hereby demand $200,000 or your policy limits, whichever is less.

Yours Very Truly,

Allwin E. Horn, IV

AEHIV/tnm





November 3, 2009

Allwin E. Horn, IV, P.C.
Attorney at Law
1130 South 22nd Street, Suite 4500
Birmingham, AL 35205

Claim No.:      369989
Policy No.:     1-3154782-1
Insured:        Vanessa Minor
Your Client:    Harrell Minor, Jr./Vanessa P. Minor
DOL:            11/01/2008

Dear Attorney Horn:

Please be advised that this letter serves as acknowledgement to your recent correspondence of October 26, 2009. The claim has been reviewed once again and as it stands, we are still holding to the Denial of Coverage in reference to this matter.

Sincerely,

Dionne Patterson
USAgencies Management Services, Inc.
on behalf of Affirmative Insurance Company
P.O. Box 98505
Baton Rouge, LA 70884-8505
(800) 958-8545, ext: 2595
Fax Number: (225) 987-5595
Email: dpatterson@usagencies.com

Enclosure(s) – Denial Letter